UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY MITCHELL MARSH,

    Plaintiff,

v.                            CASE NO.: 8:21-cv-262

METTLER-TOLEDO, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HENRY MITCHELL MARSH ("Plaintiff" or "MARSH"), by and through undersigned counsel, and on behalf of himself and on behalf of all others similarly situated, brings this action against Defendants, METTLER-TOLEDO, LLC ("Defendant" or "METTLER"), and in support of his claims states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against the Defendant, his former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 ("FLSA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. §1343, and 29 U.S.C. § 216(b).

3. Defendant, METTLER, is a Delaware company with its principal place of busines located at 1900 Polaris Parkway, Columbus, Ohio and is subject to the personal jurisdiction of the

United States District Court for the Middle District of Florida because it engages in substantial and not isolated business activity within this judicial district.

4. Venue is proper in the Middle District of Florida under 28 USC § 1391(b)(2) because all of the events giving rise to these claims occurred within this judicial district and Defendant employed Plaintiff at a location within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Pasco County, Florida in the Middle District of Florida.

6. Defendant is a foreign corporation organized under the laws of Ohio and operates a product inspection facility in Pasco County, Florida.

7. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

## ALLEGATIONS OF FACT

9. Defendant hired Plaintiff in June of 2014.

10. Plaintiff began his employment with Defendant at a location in Hillsborough County within the Middle District of Florida.

11. In November of 2017 Plaintiff accepted a transfer to a position titled: Inventory Specialist, Materials Management. This position was paid on a bi-monthly salary basis of $1,978.17 per bi-monthly period based on a forty hour work week. This equated to an annual salary of $47,476.

12. Plaintiff was not paid overtime in this position as Defendant treated him as an "exempt" employee.

13. In 2018, Defendant opened a manufacturing facility in Pasco County at 1571 Northpointe parkway, Lutz, Florida. Plaintiff then began working at the new location.

14. In October 2018, Plaintiff's base salary was increased to $2,037.51 (a 3% increase) following his annual review.

15. In November 2019, Defendant changed its categorization of Plaintiff from "exempt" to "non-exempt" making him eligible to receive overtime. Defendant did not change Plaintiff's title, role, responsibilities, or job description as part of this change in status.

16. While Plaintiff worked in the position of Inventory Specialist, Materials Management, from November 2017 until November 2019, he regularly worked over forty (40) hours per week.

17. Plaintiff estimates that he worked 354 hours of overtime in his first year (from November 2017 to November 2018) in the position of Inventory Specialist Materials Management.

18. Plaintiff estimates that he worked 260 hours of overtime in his second year (from November 2018 until November 2019) in the position of Inventory, Specialist Materials Management. Plaintiff was injured in May 2019 and did not return to work after that.

19. Plaintiff was not compensated at the statutory rate of time and one-half the regular rate for all hours of overtime which he worked.

20. The position of Inventory Specialist, Materials Management does not fall within any exemptions within FLSA §213.

21. Plaintiff's duties as an Inventory Specialist, Materials Manager included primarily clerical and manual work relating to tracking the inventory at the Defendant's facility and assisting the Inventory Control Leader with various tasks. This included daily walk-arounds to note what items might be missing and keying those items into the system. Plaintiff was frequently required

to physically carry items weighing around 50 pounds from one location to another within the facility.

22. In his role as an Inventory Specialist, Materials Manager, Plaintiff did not supervise any employees and had no subordinate employees he could delegate work to.

23. Plaintiff had no role in the management, hiring, or firing of other employees.

24. Plaintiff did not have the authority to promoted employees, determine their pay rates or benefits, or give raises. He did not make personnel decisions or decide whether employees should face disciplinary action for infractions.

25. Plaintiff was not in reality a manager as that term is known within the FLSA laws. His primary responsibilities were checking the inventory, keying items into the system and moving items that needed to be moved.

26. Plaintiff's work did not involve the exercise of discretion and judgment. He had no authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

27. Defendant has willfully and intentionally violated the FLSA by misclassifying Plaintiff's position as exempt and thereby denying him overtime wages to which he was entitled under the FLSA.

28. Defendant knowingly and willfully misclassified Plaintiff as exempt for the purposes of decreasing costs and maximizing profit.

29. Defendant knowingly and willfully failed to track the hours worked by Plaintiff in order to avoid paying overtime.

30. Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of forty hours per week.

31. Defendant failed to pay Plaintiff overtime compensation in that amount of $21,290.92.

## COUNT I

### Unpaid Overtime under 29 U.S.C. § 207

32. Plaintiff incorporates by reference, the allegations set forth above as if fully restated herein.

33. This is an action for damages and equitable relief under the FLSA, including, but not limited to declaratory and injunctive relief.

34. At all relevant times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

35. Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e), and has been employed by Defendant since 2014.

36. Plaintiff and Defendant were engaged in commerce 29 U.S.C. § 202(a) and 29 C.F.R. § Section 552.99.

37. 29 U.S.C. § 207(a)(1) of the FLSA prohibits an employer from employing its employees for a workweek longer than 40 hours unless such employee receives compensation for all hours he or she works in excess of 40 hours at a rate not less than one and one-half times the regular rate of pay.

38. Defendants regularly employed Plaintiff in excess of 40 hours in a workweek and did not pay him at a rate of one and one-half times his regular pay for all hours worked in excess of 40 hours in a workweek, and thus engaged in a pattern and practice of violating 29 U.S.C. § 207 of the FLSA with respect to Plaintiff.

39. Defendant's actions were deliberate, willful, and without good faith or any legal justification within the meaning of the FLSA.

40. Defendant is liable under the FLSA for failing to properly compensate Plaintiff.

41. Defendant is liable under the FLSA for failing to maintain proper time records.

42. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages and is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

43. Defendant's conduct constitutes a willful violation of 29 U.S.C. § 255(a) of the FLSA, and Defendant knew or showed reckless disregard of the fact that its compensation practices were in violation of these laws.

44. Plaintiff is entitled to recover his attorney's fees and costs connected with this action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, HENRY MITCHELL MARSH requests the following relief:

(a) That the Court find Defendant in violation of the overtime compensation provisions of the FLSA;

(b) That the Court find Defendant's violation was willful;

(c) That the Court award Plaintiff overtime compensation for previous hours worked in excess of forty hours for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA § 216;

(d) That the Court award Plaintiff reasonable attorney's fees and costs pursuant to FLSA § 216; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 3rd day of February 2021.

        Respectfully submitted,

        */s/ Gary L. Printy, Jr., Esq*
        Gary L. Printy, Jr., Esq.
        Florida Bar No. 41956
        Jason W. Imler, Esq.
        Florida Bar No. 1004422
        **PRINTY & PRINTY, P.A.**
        3411 W. Fletcher Ave., Suite A
        Tampa, Florida 33618
        Telephone (813) 434-0649
        FAX (813) 423-6543
        garyjr@printylawfirm.com
        jason.imler@printylawfirm.com
        e-service@printylawfirm.com
        ***Attorney for Plaintiff***